UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIA DOLOROSA GOSPEL TABERNACLE,

    Plaintiff,

v.                                                                                  Case No. 14-10178

CHURCH MUTUAL INSURANCE COMPANY,

    Defendant.
                                          /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL**

On January 15, 2014, Defendant Church Mutual Insurance Company ("Church Mutual") removed this action to federal court and filed a partial motion to dismiss Plaintiff Via Dolorosa Gospel Tabernacle's ("Via Dolorosa") complaint. Via Dolorosa alleges that, following windstorm and water damage to its property, its insurer Church Mutual failed to pay insurance benefits that were owed under Via Dolorosa's insurance policy. The motion has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant Church Mutual's partial motion to dismiss.

**I. BACKGROUND**

The following facts are taken from Via Dolorosa's complaint, which is presumed to be true for the purposes of the instant motion.

Via Dolorosa is a non-profit ecclesiastical corporation operating as a religious establishment in Michigan. (Pg. ID # 10.) Church Mutual insured Via Dolorosa from December 3, 2009 to December 3, 2012. (Pg. ID # 11.) On August 6, 2011, Via

Dolorosa suffered substantial windstorm and water damage to its property. (*Id.*) Via Dolorosa's submitted its claim for windstorm and other building damage to Church Mutual sometime during September 2011. (Pg. ID # 12.) Thereafter, Via Dolorosa retained a licensed public adjuster to assist it in recovering its damage claim from Church Mutual. (*Id.*)

On August 30, 2012, Via Dolorosa submitted a sworn, itemized proof of loss in the amount of $1,752,284.60. On September 28, 2012, Church Mutual rejected Via Dolorosa's proof of loss as "defective and unsatisfactory," and informed Via Dolorosa that it must provide a "satisfactory Sworn Statement in Proof of Loss on approved forms," attaching a proof of loss form to its letter. (Pg. ID # 12–13.) After its own investigation, Church Mutual determined that Via Dolorosa's loss amount was actually $195,005.62, and issued a check in this amount on November 6, 2012. (Pg. ID # 13.) Via Dolorosa sued to enforce the insurance contract in Wayne County Circuit Court, and Church Mutual removed the suit to federal court on the basis of diversity jurisdiction.

## II. STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations. The court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks,

citation, and emphasis omitted). Lastly, "[a] federal court sitting in diversity must apply the law of the highest state court if the court has ruled on the matter in dispute; otherwise, the court may rely on case law from lower state courts." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011).

### III. DISCUSSION

Church Mutual moves for partial dismissal of Via Dolorosa's complaint on two grounds: (1) that count I of the complaint improperly alleges a claim for declaratory relief, and (2) that count II of the complaint improperly asks for exemplary damages in a breach-of-contract suit.[1]

### A. Count I

In count I of the complaint, Via Dolorosa alleges that Church Mutual engaged in unfair trade practices by violating Michigan's Uniform Trade Practices Act ("UTPA"). Via Dolorosa seeks a declaratory judgment that Church Mutual committed various violations of UTPA. Church Mutual moves to dismiss this count on the basis that it improperly seeks a court determination of a factual issue reserved for the jury.

The UTPA requires that an insurer specify in writing the materials that constitute a "satisfactory" proof of loss within 30 days after the receipt of a claim. Mich. Comp. Laws § 500.2006(3). The insurer must pay claims that are supported by a satisfactory proof of loss within 60 days of receipt of the proof of loss. *Id.* A failure to pay a claim within this

---

[1] Church Mutual also argues that Via Dolorosa improperly seeks attorneys' fees in its breach of contract claim. In its response to the motion to dismiss, Via Dolorosa concedes that it cannot ask for attorneys' fees as part of its breach-of-contract claim, and withdraws its allegations that it is entitled to attorneys' fees. (Pg. ID # 610.) Accordingly, the court dismisses Via Dolorosa's request for attorneys' fees.

60-day period subjects the insurer to penalty interest at a rate of 12% a year. *Id.* at § 500.2006(4).

Therefore, the threshold determination for whether statutory interest is owed is whether an insured has supplied a "satisfactory" proof of loss; only if a proof of loss is "satisfactory" is the obligation for the insurer to pay the insured's claims within 60 days triggered. And the statutory interest provision at issue in this action is only triggered if the insurer does not follow the 60-day period.

The essence of Via Dolorosa's UTPA claim is that it either believes that its original proof of loss was "satisfactory," thereby rendering it unnecessary to submit further proof of its loss, or that Church Mutual failed to specify the materials that would constitute a satisfactory proof of loss within 30 days of the receipt of Via Dolorosa's claim. (Pg. ID # 13.) However, "whether [a] proof of loss [is] satisfactory is a question of fact." *Griswold Props., LLC v. Lexington Ins. Co.*, 740 N.W.2d 659, 677 (Mich. Ct. App. 2007) *vacated in part on other grounds*, 741 N.W.2d 549 (Mich. Ct. App. 2007); *Great Lakes Geophysical, LLLP v. Travelers Prop. Cas. Co.*, No. 13-10830, 2013 WL 3850938, at *8–10 (E.D. Mich. July 25, 2013).

Michigan's rule governing declaratory judgments allows a court to "declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." Mich. Ct. R. 2.605(A)(1). The rule further allows for a party to demand a trial by jury in an action for declaratory relief, presumably in order to adjudicate disputed questions of fact. *Id.* at 2.605(B); *see USAA Cas. Ins. Co. v. Martin*, No. 292307, 2010 WL 2836689, at *1 (Mich. Ct. App. July 20, 2010) (unpublished).

As currently drafted, Via Dolorosa's complaint is inconsistent in the relief it requests. Under Michigan law, although juries are allowed to determine factual issues in declaratory actions, Via Dolorosa simultaneously asks for the jury to determine "all matters pending in this action" as well as for the court to make a factual finding regarding whether Via Dolorosa's proof of loss was "satisfactory." Via Dolorosa cannot have it both ways; it must choose which factfinder it is asking for—a jury or the court.[2] Because Via Dolorosa's complaint both demands a jury and asks the court to resolve a factual issue crucial to count I, the court grants Church Mutual's motion to dismiss count I without prejudice.

### B. Count II

Church Mutual also moves to dismiss Via Dolorosa's request for "exemplary damages for Church Mutual's bad faith breach of contract." The general rule in Michigan is that exemplary damages are not recoverable for breach of an contract, absent some allegation of tortious conduct existing independently of the alleged breach. *Kewin v. Mass. Mut. Life. Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980). Although Via Dolorosa argues that "its particular situation as a small church congregation" may entitle it to damages for "mental concern and solicitude," it cites no support for this conclusion other than the *Kewin* court's dissent, which is not controlling authority for the court. *Poplar Creek*, 636 F.3d at 240. Via Dolorosa's request for exemplary damages found in count II is dismissed.

---

[2]In its response to the present motion, Via Dolorosa confirms that it is asking the court, not the jury, to determine what constitutes a "satisfactory" proof of loss. (Pg. ID # 607–08.)

## IV.  CONCLUSION

IT IS ORDERED Church Mutual's "Motion for Partial Dismissal" [Dkt. # 3] is GRANTED.

IT IS FURTHER ORDERED that count I of the complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Via Dolorosa's request for exemplary damages and attorneys' fees are DISMISSED.

IT IS FURTHER ORDERED that Via Dolorosa may file an amended complaint correcting its deficiencies by **April 18, 2014**.

     s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2014, by electronic and/or ordinary mail.

     s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522