UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIA DOLOROSA GOSPEL
TABERNACLE,

               Plaintiff,

v.                                       Civil Case No. 14-10178
                                       Honorable Linda V. Parker

CHURCH MUTUAL
INSURANCE COMPANY,

               Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S FIRST AMENDED MOTION FOR ENTRY OF JUDGMENT [ECF NO. 41]

Plaintiff Via Dolorosa Gospel Tabernacle ("Plaintiff") filed this lawsuit against Defendant Church Mutual Insurance Company ("Defendant") seeking to recover insurance proceeds under a Multi-Peril Insurance Policy for substantial and sustained windstorm and water damage to insured property. The parties entered appraisal proceedings with a third appraiser to determine the actual cash value loss that Plaintiff was entitled to under the insurance policy. Two appraisal offers were provided by the third appraiser and the parties disagree as to which appraisal offer was validly accepted and is in force. Plaintiff filed this motion requesting that the Court enter a judgment for the October 20, 2015 appraisal offer. For the reasons that follow, the Court denies Plaintiff's motion for entry of judgment.

1

## BACKGROUND

Plaintiff filed this lawsuit against Defendant seeking to recover insurance proceeds under a Multi-Peril Insurance Policy for substantial and sustained windstorm and water damage to insured property. On February 11, 2015, the Court entered a "Stipulated Order Regarding Building Loss Appraisal Protocol" (hereafter "Appraisal Protocol Order"). (ECF No. 33.) The Appraisal Protocol Order provided in pertinent part that a panel of three appraisers would be responsible for determining "[t]he amount of actual cash value loss caused by, or resulting from, windstorm and water to the building from the August 6, 2011 storm valued as of the date and time of loss." (*Id.* ¶ II(A).) The Appraisal Protocol also provided that the amount of cash value loss would be determined by "[t]he appraisers and, failing agreement of the appraisers, then any one appraiser and the umpire who agree." (*Id.*) The parties agreed that the Umpire's compensation would be split equally between the Plaintiff and Defendant. (*Id.* ¶ VII.)

Plaintiff and Defendant each named an appraiser—Plaintiff's named Norman Larkins ("Appraiser Larkins") and Defendant's named William Butler ("Appraiser Butler"). The third appraiser was to be a competent and impartial umpire selected by Plaintiff's and Defendant's appraisers within fifteen days of the Appraisal Protocol Order pursuant to Michigan Compiled Laws Section 500.2833(m). (*Id.* ¶ III.) When the parties' appraisers were not able to agree on

2

the umpire, Plaintiff filed a motion on February 17, 2015, asking the Court to appoint the umpire.  (ECF No. 34.)  The Court appointed Judge Amy P. Hathaway as umpire on March 24, 2015.  (ECF No. 36.)

According to Judge Hathaway's affidavit, the parties submitted presentations of the amount of loss in May 2015.  (ECF No. 42-2 at Pg ID 1117.)  Plaintiff's claimed an actual cash value loss of $1,768,150.36 in their initial presentation. (ECF No. 42-3 at Pg ID 1167.)  Defendant offered a rebuttal to Plaintiff's presentation in June 2015.  (ECF No. 42-2 at Pg ID 1117.)  On October 20, 2015, Judge Hathaway circulated a proposed award offering a net appraisal award of $367,256.81 via e-mail to Appraiser Larkin and Appraiser Butler.  Plaintiff states that Appraiser Larkins signed the appraiser panel's umpire award on October 22, 2015 and therefore, the Court should enter judgment in their favor.  (ECF No. 40-3 at Pg ID 1047-48.)

However, according to Defendant, there are more facts to consider. Immediately after Judge Hathaway circulated a proposed award, Appraiser Larkins submitted a new actual cash value loss amount in a letter and Excel spreadsheet. The letter states that the actual cash value loss was $1,130,865.33.  (ECF No. 42-2 at Pg ID 1123.).  In contrast, the Excel spreadsheet lists the actual cash value loss at $1,146,606.93.  (ECF No. 42-3 at Pg ID 1162.)

3

That same afternoon, at 3:36 PM, Appraiser Larkins sent another e-mail, stating "I do have your [actual cash value] offer and would like to counter-offer the following[.]" (ECF No. 42-3 at Pg ID 1164.) This counter-offer requested $800,000. (*Id.*)

On October 21, 2015, Appraiser Butler replied to Appraiser Larkins' e-mail, noting to Judge Hathaway that Appraiser Larkins' proposal amount decreased "$621,543.43 in overestimates" between his initial proposal in May and subsequent proposal in October. (ECF No. 42-3 at Pg ID 1188.)[1] Appraiser Butler then requested time to review the proposed award and further "respectfully request[ed] that the proposed award be completely withdrawn." (ECF No. 42-3 at Pg ID 1188.) The e-mail ends with Appraiser Butler requesting a hearing date in November to discuss the differences in actual cash value loss calculated by the parties. (*Id.*)

Judge Hathaway responded a few hours later to Appraiser Butler's e-mail, stating: "Fine, but my only availability in November is Nov[.] 10 at 9am." (ECF No. 42-3 at Pg ID 1187.) Twelve minutes later, Appraiser Larkins replied stating that he could meet at that date and time, with Appraiser Butler agreeing to the time

---

[1] Appraiser Butler relied on Appraiser Larkins' Excel spreadsheet for the actual cash value loss when calculating the overestimate. Defendant notes in Appraiser Butler's affidavit the existence of the discrepancy between Appraiser Larkins' initial proposal and the loss amount in the letter report, amounting to $637,285.03 in overestimates. (ECF No. 42-3 at Pg ID 1132.)

4

and date in an e-mail following shortly thereafter.  (ECF No. 42-3 at Pg ID 1170.)

Appraiser Butler's e-mail was sent at 4:34 PM on October 21, 2015.

At 2:42 AM on October 22, 2015, Appraiser Larkins sent an e-mail to Judge

Hathaway and Appraiser Butler intending to accept the October 20, 2015 offer:

> After [c]areful consideration I find it in my client's best interest to
> accept the appraisal award offered by the Umpire.  I have attached a
> copy of the award with my signature along with the Umpire's
> electronic signature.  I respectfully submit that this concludes the
> official negotiations of this matter and cancels out [the] proposed
> meeting on November 10, 2015 at 9am.

> (ECF No. 42-3 at Pg ID 1180.)

Appraiser Butler replied that morning, stating that "[i]t was requested that the

umpire retract and withdraw the award, and the umpire agreed…Therefore, your

attempt to now sign the award is inappropriate and this award is not valid."  (ECF

No. 42-3 at Pg ID 1179.)  Appraiser Larkins asked Judge Hathaway for

clarification on whether the offer of settlement had been retracted.  (*Id.*)  Judge

Hathaway replied:

> Norman,
> I will see you Nov 10 at 9 am, with Bill to discuss your revised
> submissions and possibly revising the award.

> (*Id.* at Pg ID 1186.)

The appraiser panel met on November 10, 2015 to discuss their proposed

actual cash value losses.  (ECF No. 42-2 at Pg ID 1117.)  On November 20, 2015,

Judge Hathaway sent a new proposed award via e-mail to Appraiser Butler and

5

Appraiser Larkins with a net appraisal award total of $185,949.17.  (ECF No. 42-3 at Pg ID 1198.)  Appraiser Butler signed the Umpire Award dated November 20, 2015.  (*Id.* at Pg ID 1198-99.)

Plaintiff argues that the Umpire Award issued by Judge Hathaway on October 2, 2015 and signed by Appraiser Larkins on October 22, 2015 is the valid award.  (ECF No. 41 at Pg ID 1067.)  The October 22, 2015 award amounts to $367,256.81.  (ECF No. 40-1 at Pg ID 1039.)  Defendant argues that the Umpire Award issued on October 20, 2015 was withdrawn and therefore, invalid.  (ECF No. 42 at Pg ID 1101.)  Further, Defendant states that Plaintiff waived their right to the October 22, 2015 award through Appraiser Larkins' acceptance of a future meeting to discuss costs and his attendance at the November 10, 2015 meeting. (*Id.* at 1104-05.)

Plaintiff filed the instant motion on December 12, 2015.  (ECF No. 41.) Plaintiff request that the court enter a judgment of the Umpire Award offered on October 20, 2015 pursuant to Federal Rule of Civil Procedure 58(a), (d), and E. D. Mich. LR 58.1(d); award Plaintiff penalty interest pursuant to M.C.L. 500.2006; and award Plaintiff costs and expenses allowable pursuant to Federal Rule of Civil Procedure 54(d)(1) and E. D. Mich. LR 54(d).  (ECF No. 41 at Pg ID 1080-81.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."  Fed. R. Civ. P. 58(d).  Under Local Rule 58.1(d), a "person seeking entry of a judgment or order may prepare a proposed judgment or order and notice it for settlement before the court."  E. D. Mich. LR 58.1(d).

## ANALYSIS

### 1.  APPRAISAL AWARD

Michigan Courts have recognized that stipulations are "a type of contract." *Limbach v. Oakland Co. Bd. Of Co. Rd. Comm'rs*, 573 N.W.2d 336, 339 (Mich. Ct. App. 1997).  "Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts."  *In re Nestorovski Estate*, 769 N.W.2d 720, 725 (Mich. Ct. App. 2009) (citing *Phillips v. Jordan*, 614 N.W.2d 183, 186 (Mich. Ct. App. (2000)).  Here, the Appraisal Protocol Order governs how the actual cash value loss caused by the August 6, 2011 storm should be determined: by "[t]he appraisers and, failing agreement of the appraisers, then any one appraiser and the umpire who agree."  (ECF No. 33 ¶ II(A).)   This case turns on which Umpire Award was validly signed by at least two panel members pursuant to the Appraisal Protocol Order.  To determine which Umpire Award was validly signed, the Court turns to contract law.

7

General principles of contract law state a contract is entered into when there is an offer and acceptance. *See, e.g, High v. Capital Senior Living Properties 2-Heatherwood, Inc.*, 549 F.Supp.2d 780, 798 (E.D. Mich. 2008.) Plaintiff argues that these two conditions were satisfied when Judge Hathaway's October 20, 2015 award was signed by Appraiser Larkins. (ECF No. 41 at Pg ID 1067.) We disagree. The Sixth Circuit recently stated that "[t]o constitute a valid acceptance, the response to an offer must be unconditional and identical to the offer." *Baker Hughes Inc. et al. v. S&S Chemical, LLC, et al.*, No 15-2413, 2016 WL 4578355 (6th Cir. Sept. 2, 2016) (internal citations omitted). "A counter-offer generally constitutes a rejection of the original offer." *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016) (internal citations omitted); *see also Erdman v. United States*, No. 92-3857, 1993 WL 307081 at *1 (6th Cir. Aug. 12 1993) ("The law of contracts instructs us that when an offeree varies the term of a tendered offer, he has rejected the offer and tendered back to the offeror a counteroffer. As the initial offer has not been accepted, no binding agreement has resulted."); 17A Am.Jur.2d *Contracts* §§ 63, 65, 76 (1991).

Plaintiff's appraiser responded to Judge Hathaway's October 20, 2015 offer with a counter-offer. (ECF No. 42-3 at Pg ID 1164.) Appraiser Larkins' counter-offer constitutes a rejection of Judge Hathaway's offer. He could no longer accept her offer once he rejected it.

8

Defendant argues that Plaintiff waived the October 20, 2015 offer by agreeing to pursue an additional hearing to consider modifying the award.  (ECF No. 42 at Pg ID 1104-05.)  Because this issue is settled on principles of offer and acceptance, we need not reach a decision on whether Appraiser Larkins waived Judge Hathaway's offer.

Here, Plaintiff erroneously mischaracterizes the issue by arguing that this case turns on an issue of modification of the appraisal award.  (ECF No. 43 at Pg ID 1210-12.)  However, there is no modification here because only one Umpire award was accepted by two members of the appraisal panel, as required by the Appraisal Protocol Order.  (ECF No. 33 ¶ II(A).)  The only appraisal award validly entered into pursuant to the Appraisal Protocol Order was Judge Hathaway's November 20, 2015 offer, which Appraiser Butler accepted and signed.

## 2.  PENALTY INTEREST

Plaintiff's second argument states that they are entitled to penalty interest pursuant to M.C.L. § 500.2006.  (ECF No. 41 at Pg ID 1069.)  Under M.C.L. § 500.2006(3), an insurance carrier is required to "specify in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim unless the claim is settled within 30 days."  M.C.L. § 500.2006(3).  Therefore, the relevant date that triggers Defendant's duty to provide a statement in

9

writing detailing the materials that constitute a satisfactory proof of loss is 30 days

after receipt of Plaintiff's claim.  In their reply brief, Plaintiff argues:

> The date of loss was July 11, 2011 and Defendant received notice of
> the claim in August 2011.  However, by its admission, Defendant did
> not provide the information required for satisfactory proof of loss until
> September 28, **2012**, more than one year after it received notice of
> Plaintiff's claim.

(ECF No. 43 at Pg ID 1215.)

However, in Plaintiff's initial brief on this amended motion, Plaintiff

provides contrary dates.  Plaintiff states that August 6, 2011 was the date of

loss.  (ECF No. 40-3 at ¶ 4.)  Plaintiff then submitted its Sworn Statement in

Proof of Building Loss on August 30, **2012**.  (*Id.* at ¶ 6; *see also* ECF No. 16

at ¶ 18.) (emphasis added).  Defendant agrees with Plaintiff's dates in their

initial brief.  (ECF No. 42 at Pg ID 1108.)  It is unclear to the Court why

Plaintiff has altered the relevant dates between briefs.

Defendant has complied with M.C.L. § 500.2006(3) based on their

letter specifying the materials constituting a satisfactory proof of loss dated

September 28, 2012.

### 3.  COSTS AND ATTORNEY'S FEES

Plaintiff also requests that the Court grant Plaintiff approval to file a

bill of costs within 28 days of a judgment entered in its favor, including

attorney's fees, pursuant to Federal Rule of Civil Procedure 54(d)(1) and

10

E.D. Mich. LR 54(d).  (ECF No. 41 at Pg ID 1080-81.)  Because the Court is

not entering judgment in Plaintiff's favor, Plaintiff's request to enter a bill of

costs is denied.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Plaintiff's Appraisal

Award as Judgment (ECF No. 41) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendant shall submit a proposed

judgment consistent with this decision within seven days.  Plaintiff shall have

seven days from receipt of the proposed judgment to file any objections thereto.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, September 26, 2016, by electronic and/or
U.S. First Class mail.

s/ Richard Loury
Case Manager